Mno M. Bogosyan (SBN 351661)
*mno@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203
Tel: (818) 265-1020
Fax: (818) 265-1021

*Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUIS PEREZ, individually;

Plaintiff,

vs.

R&L CARRIERS SHARED SERVICES, L.L.C., an Ohio corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 2:26-CV-01451-JGB-DTB

Honorable Jesus G. Bernal

**SECOND AMENDED COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(6) Violation of California Business & Professions Code § 17200, et seq.

**DEMAND FOR JURY TRIAL**

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

COMES NOW, Plaintiff LUIS PEREZ, ("Plaintiff"), individually, and alleges as follows:

## JURISDICTION AND VENUE

1. This action was originally brought as a class action pursuant to the California Code of Civil Procedure section 382, in the Superior Court of Los Angeles County. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2. The Superior Court of Los Angeles County has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. The Superior Court of Los Angeles County has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4. The United States District Court for the Central District of California has asserted jurisdiction over this Action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

5. Venue is proper in the Superior Court of Los Angeles County because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Los

Angeles.

## PARTIES

6. Plaintiff LUIS PEREZ, is an individual residing in the State of California.

7. Defendant R&L CARRIERS SHARED SERVICES, L.L.C., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

8. At all relevant times, Defendant R&L CARRIERS SHARED SERVICES, L.L.C. was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

9. At all times herein relevant, Defendants R&L CARRIERS SHARED SERVICES, L.L.C. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and/or assigns, each of the other, and at all times relevant hereto, were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators, and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and/or consent of each defendant designated as a DOE herein.

10. The true names and capacities, whether corporate, associate, individual, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based thereon, alleges that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint and unlawfully caused the injuries and damages to Plaintiff and the other employees as alleged in this Complaint. Plaintiff will seek leave of

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11. Defendant R&L CARRIERS SHARED SERVICES, L.L.C. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

12. Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other employees so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## GENERAL ALLEGATIONS

13. At all relevant times set forth herein, Defendants employed Plaintiff and the other employees as hourly-paid or non-exempt employees within the State of California, including the County of Los Angeles.

14. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt Dock Loader ("Loader") from approximately May 2021 to approximately July 2025 in the State of California, County of Los Angeles, and at times, an hourly-paid, non-exempt Driver City Class C ("Driver") during the period from approximately May 2022 to approximately July 2025.

15. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, in Los Angeles County, from approximately May 2021 to approximately July 2025. Plaintiff's base rate of pay ranged from $19.18 per hour to $31.14 per hour, with a gradual increase year over year.

16. Plaintiff's base rate of pay as a Loader and Driver were the same.

17. Plaintiff's responsibilities as a Loader, included, but were not limited to, loading and unloading chattel to and from the loading dock and the trailer therein without discretion regarding where particular chattel would be placed within any given trailer he was tasked to load.

18. Plaintiff's responsibilities as a Driver, included, but were not limited to completion of deliveries and pick-ups on behalf of Defendants' clientele.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

Plaintiff's duties in this role were completed within a 150 air-mile radius of the location to which he reported for work and did not exceed a total work period of 14 hours in a day. Plaintiff drove intrastate and began and ended his shifts at the same location. Plaintiff drove a two-axle vehicle with a gross vehicle weight rating of less than 26,000 pounds.

19. Defendants hired Plaintiff and the other employees, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

20. Defendants had the authority to hire and terminate Plaintiff and the other employees, to set work rules and conditions governing Plaintiff's and the other employees' employment, and to supervise their daily employment activities.

21. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other employees' employment for them to be joint employers of Plaintiff and the other employees.

22. Defendants directly hired and paid wages and benefits to Plaintiff and the other employees.

23. Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

24. Plaintiff and the other employees worked over eight (8) hours in a day and/or forty (40) hours in a week during their employment with Defendants.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

26. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other employees were

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants misclassified Plaintiff and other employees as being exempt from overtime when performing any driving-related duties, even when such duties did not qualify for any exemption, and therefore only provided overtime pay when non-driving hours exceeded eight hours in a shift.

28. For instance, on certain shifts from May 2022 to July 2025, Plaintiff worked the first seven to eight hours of his shift as a Driver. Thereafter, following his return from completing his scheduled pickups and deliveries, Plaintiff was instructed to change his job title on the time clock monitor from Driver to Loader. Immediately thereafter, Plaintiff would proceed to work up to four more hours as a Loader. Although Plaintiff's daily work exceeded eight hours and weekly work exceeded 40 hours, Plaintiff was not compensated overtime wages. By way of example, the week of September 16, 2022, Plaintiff recorded 55.62 hours of work (13.81 of which were recorded as a Loader); the week of November 12, 2023, Plaintiff recorded 54.81 hours of work (11.68 of which were recorded as a Loader); the week of April 21, 2024, Plaintiff recorded 56.59 hours of work (14.88 of which were recorded as a Loader); and the week of July 6, 2025, Plaintiff recorded 53.17 hours of work (11.70 of which were recorded as a Loader). Plaintiff was not compensated for any overtime wages during those weeks.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other employees earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek. For instance, Plaintiff earned an annual incentive bonus of

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

$500.00 on December 2, 2022, an annual incentive bonus of $525.00 on December 8, 2023, and an annual incentive bonus of $550.00 on December 20, 2024. Further, by way of example, on July 14, 2023, Plaintiff was compensated 3.28 hours of overtime at $43.42 per hour. At the time of payment, Plaintiff's base rate was $28.95. $28.95 multiplied by one and one-half would be $43.42. Similarly on July 21, 2023 and August 4, 2023, Plaintiff was compensated for 6.51 hours of overtime at $43.42 per hours and 5.47 hours of overtime at $43.42 per hour, respectively. Defendants did not adjust Plaintiff's overtime wages based on Plaintiff's adjusted regular rate of pay considering the non-discretionary annual bonuses.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other employees all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission ("IWC") Wage Orders, and, thus, they are entitled to any and all applicable penalties.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other employees were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other employees' regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other employees' regular rate of pay when a meal period was missed.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other employees were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other employees' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other employees' regular rate of pay when a rest period was missed.

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

33. Plaintiff and the other employees were required to work through meal and rest periods to ensure their job duties were completed in a timely manner because work assignments were time sensitive and could not be completed within the time allowed. For example, on shifts where Plaintiff worked as a Driver and a Loader, Defendants regularly assigned more deliveries and/or pick-ups than could be completed on time if Plaintiff were to take off-duty meal and rest periods. Plaintiff would try to stop to eat after he had returned to Defendants' yard from delivering and picking up items from Plaintiff's assigned route. This occurred on a daily basis throughout Plaintiff's employment during the relevant time period, including during the workweek from July 7, 2025 to July 11, 2025, Plaintiff took his off-duty meal periods after the seventh hour of work every day. Similarly, the workweek from July 7, 2025 to July 11, 2025, on July 8 and July 10, Plaintiff took his rest periods after the seventh hour of work.

34. Plaintiff and the other employees were required to clock out for meal periods, however, Defendants' assigned workloads and delivery routes that were so extensive and unrealistic that Plaintiff and the other employees were required to continue performing compensable work, during their unpaid meal periods in order to satisfy Defendants' productivity expectations and complete their assigned duties. While off the clock and effectively receiving zero dollars per hour during these meal periods, Plaintiff, would complete these deliveries and pickups to ensure he returned to Defendants' yard at the time required. This occurred throughout Plaintiff's employment during the relevant time period, including during the workweek from July 7, 2025 to July 11, 2025.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non- discretionary performance pay to calculate the regular rate of pay for the payment of meal or rest period premium wages where Plaintiff and the other employees earned shift differential pay/commissions/non-discretionary

LAWYERS for JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

bonuses/non-discretionary performance pay and meal or rest period premium wages in the same workweek.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other employees were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked. Plaintiff and the other employees performed work off-the-clock for which Defendants failed to pay them at their minimum, regular, or overtime rate of pay. Such tasks occurred on a daily basis and included receiving and responding to communications from supervisors, loading and unloading chattel, remaining on-duty, and driving.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other employees were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not receive all such wages owed to them at the time of their discharge or resignation.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other employees were entitled to reimbursement for necessary business-related expenses. For instance, during the course of his employment with Defendants, Plaintiff was required to purchase and was not reimbursed for items such as a work knife, work dolly, and a global positioning system ("GPS") because these items were reasonably necessary to complete Plaintiff's job duties but were not provided at all or were not provided in a safe condition by Defendants. Additionally, Plaintiff was required by Defendants to use his personal cell phone for business purposes without reimbursement. Supervisors would regularly contact Plaintiff and the other employees regarding work-related tasks. By way of example, such communications included, but were not limited to, notifying Plaintiff to contact a

client during a particular delivery/pick-up stop to provide an estimated time of arrival, notifying Plaintiff to punch in as a Loader immediately after returning to the yard, and notifying Plaintiff which scheduled pick-ups were categorized as "do not miss accounts."

39. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other employees pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so and falsely represented to Plaintiff and the other employees that they were properly denied wages, all in order to increase Defendants' profits.

40. During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other employees for all overtime hours worked. Plaintiff and the other employees were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

41. During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other employees earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

42. During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other employees.

43. During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay for the payment of meal or rest period premium wages where Plaintiff and the other employees earned shift

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and meal or rest period premium wages in the same workweek.

44. During the relevant time period, Defendants failed to pay Plaintiff and the other employees at least minimum wages for all hours worked.

45. During the relevant time period, Defendants failed to pay Plaintiff and the other employees all wages owed to them upon discharge or resignation.

46. During the relevant time period, Defendants failed to reimburse Plaintiff and the other employees for all necessary business-related expenses and costs.

47. During the relevant time period, Defendants failed to properly compensate Plaintiff and the other employees pursuant to California law in order to increase Defendants' profits.

48. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against R&L CARRIERS SHARED SERVICES, L.L.C. and DOES 1 through 100)**

49. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 52, and each and every part thereof with the same force and effect as though fully set forth herein.

50. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one-and-one-half times (1.5x) or two times (2x) that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

51. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other employees who worked more than eight (8) hours in a day or forty (40) hours in a workweek at the rate of one-and-one-half times (1.5x) all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek.

52. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other employees overtime compensation at a rate of two times (2x) their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

53. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

54. During the relevant time period, Plaintiff and the other employees worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

55. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other employees.

56. Defendants' failure to pay Plaintiff and the other employees the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198.

57. Pursuant to California Labor Code section 1194, Plaintiff and the other employees are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

///

///

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

## SECOND CAUSE OF ACTION

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against R&L CARRIERS SHARED SERVICES, L.L.C. and DOES 1 through 100)**

58. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57, and each and every part thereof with the same force and effect as though fully set forth herein.

59. At all relevant times, the IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other employees' employment by Defendants.

60. Plaintiff and the other employees were required to work through meal and rest periods to ensure their job duties were completed in a timely manner because work assignments were time sensitive and/or could not be completed within the time provided. For example, on shifts where Plaintiff worked as a Driver and a Loader, Defendants regularly assigned more deliveries and/or pick-ups than could be completed on time if Plaintiff were to take off-duty meal and rest periods. Plaintiff would try to stop to eat after he had returned to Defendants' yard from delivering and picking up items from Plaintiff's assigned route. This occurred on a daily basis throughout Plaintiff's employment during the relevant time period, including during the workweek from July 7, 2025 to July 11, 2025, Plaintiff took his off-duty meal periods after the seventh hour of work every day. Similarly, the workweek from July 7, 2025 to July 11, 2025, on July 8 and July 10, Plaintiff took his rest periods after the seventh hour of work..

61. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by the applicable IWC Wage Order.

62. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or

permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

63. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

64. During the relevant time period, Plaintiff and the other employees who were scheduled to work no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

65. During the relevant time period, Plaintiff and the other employees, who were scheduled to work in excess of six (6) hours, were required to work more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

66. During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other employees to work during meal periods and failed to compensate them the full meal period premium for work performed during meal periods.

67. During the relevant time period, Defendants failed to pay Plaintiff and the other employees the full meal period premium due pursuant to California Labor Code section 226.7.

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

68. Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

69. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other employees are entitled to recover from Defendants one additional hour of pay at the employees' regular rate of compensation for each work day that a meal or rest period is not provided.

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against R&L CARRIERS SHARED SERVICES, L.L.C. and DOES 1 through 100)**

70. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 73, and each and every part thereof with the same force and effect as though fully set forth herein.

71. Plaintiff and the other employees were required to work through meal and rest periods to ensure their job duties were completed in a timely manner because work assignments were time sensitive and/or could not be completed within the time provided. For example, on shifts where Plaintiff worked as a Driver and a Loader, Defendants regularly assigned more deliveries and/or pick-ups than could be completed on time if Plaintiff were to take off-duty meal and rest periods. Plaintiff would try to stop to eat after he had returned to Defendants' yard from delivering and picking up items from Plaintiff's assigned route. This occurred on a semi-weekly basis throughout Plaintiff's employment during the relevant time period, including during the workweek from July 7, 2025 to July 11, 2025, on July 8 and July 10, Plaintiff took his rest periods after the seventh hour of work.

72. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other employees' employment by Defendants.

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

73. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by the applicable IWC Wage Order.

74. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

75. During the relevant time period, Defendants required Plaintiff and other employees to work four (4) or more hours without authorizing or permitting a ten (10) minute net rest period per each four (4) hour period worked.

76. During the relevant time period, Defendants willfully required Plaintiff and the other employees to work during rest periods and failed to pay Plaintiff and the other employees the full rest period premium for work performed during rest periods.

77. During the relevant time period, Defendants failed to pay Plaintiff and the other employees the full rest period premium due pursuant to California Labor Code section 226.7.

78. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

79. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other employees are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that a rest period was not provided.

///

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**<u>FOURTH CAUSE OF ACTION</u>**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against R&L CARRIERS SHARED SERVICES, L.L.C. and DOES 1 through 100)**

80. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

81. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that employees must be paid at least minimum wage, and any lesser payment than the fixed minimum is unlawful.

82. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other employees as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

83. Defendants' failure to pay Plaintiff and the other employees the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other employees are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

84. By way of example and not by limitation, Plaintiff and the other employees were required to clock out for meal periods, however, Defendants' assigned workloads and delivery routes that were so extensive and unrealistic that Plaintiff and the other employees were required to continue performing compensable work, during their unpaid meal periods in order to satisfy Defendants' productivity expectations and complete their assigned duties. While off the clock and effectively receiving zero dollars per hour during these meal periods, Plaintiff, would complete these deliveries and pickups to ensure he returned to Defendants' yard at the time required. This occurred throughout Plaintiff's employment during

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

the relevant time period, including during the workweek from July 7, 2025 to July 11, 2025.

85. Pursuant to California Labor Code section 1197.1, Plaintiff and the other employees are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages and $250.00 for each subsequent failure to pay each employee minimum wages.

86. Pursuant to California Labor Code section 1194.2, Plaintiff and the other employees are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**<u>FIFTH CAUSE OF ACTION</u>**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against R&L CARRIERS SHARED SERVICES, L.L.C. and DOES 1 through 100)**

87. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 90, and each and every part thereof with the same force and effect as though fully set forth herein.

88. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

89. Plaintiff and the other employees incurred necessary business-related expenses and costs, including, but not limited to the purchases of knives and dollies, but the use of personal cellular devices that were not fully reimbursed by Defendants.

90. Defendants have intentionally and willfully failed to reimburse Plaintiff and the other employees for all necessary business-related expenses and costs.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

91. Plaintiff and the other employees are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**SIXTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code § 17200, et seq.)**

**(Against R&L CARRIERS SHARED SERVICES, L.L.C. and DOES 1 through 100)**

92. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 92, and each and every part thereof with the same force and effect as though fully set forth herein.

93. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, other employees, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

94. Defendants' activities, as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

95. A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other employees, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other employees, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other employees violate California Labor Code sections 201, 202, and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800, and 2802.

96. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

97. Plaintiff and the other employees have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

98. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other employeesare entitled to restitution of the wages withheld and retained by Defendants during a period that commences December 17, 2021, an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws, and an award of costs.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually, requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, prays for relief and judgment against Defendants, jointly and severally, as follows:

**As to the First Cause of Action**

1. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff;

2. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

3. For pre-judgment interest on any unpaid overtime compensation

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

commencing from the date such amounts were due;

4. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

5. For such other and further relief as the Court may deem just and proper.

**<u>As to the Second Cause of Action</u>**

6. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff;

7. That the Court make an award to Plaintiff of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

8. For all actual, consequential, and incidental losses and damages, according to proof;

9. For premium wages pursuant to California Labor Code section 226.7(c);

10. For pre-judgment interest on any unpaid wages from the date such amounts were due;

11. For reasonable attorneys' fees and costs of suit incurred herein; and

12. For such other and further relief as the Court may deem just and proper.

**<u>As to the Third Cause of Action</u>**

13. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff;

14. That the Court make an award to Plaintiff of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period

was not provided;

15. For all actual, consequential, and incidental losses and damages, according to proof;

16. For premium wages pursuant to California Labor Code section 226.7(c);

17. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

18. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

19. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff;

20. For general unpaid wages and such general and special damages as may be appropriate;

21. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff in the amount as may be established according to proof at trial;

22. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

23. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

24. For liquidated damages pursuant to California Labor Code section 1194.2; and

25. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

26. That the Court declare, adjudge, and decree that Defendants violated

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

27. For actual, consequential, and incidental losses and damages, according to proof;

28. For the imposition of civil penalties and/or statutory penalties;

29. For reasonable attorneys' fees and costs of suit incurred herein; and

30. For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

31. That the Court declare, adjudge, and decree that Defendants violated California Business and Professions Code section 17200, et seq. by failing to provide Plaintiff all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff, failing to pay at least minimum wages to Plaintiff, failing to timely pay Plaintiff's wages, failing to provide Plaintiff with complete and accurate wage statements, failing to keep complete and accurate payroll records, and failing to reimburse Plaintiff for necessary business-related expenses and costs.

32. For restitution of unpaid wages to Plaintiff and all pre-judgment interest from the day such amounts were due and payable;

33. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violating California Business and Professions Code section 17200, et seq.;

34. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

35. For injunctive relief to ensure compliance with this section pursuant to California Business and Professions Code section 17200, et seq.; and

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

36. For such other and further relief as the Court may deem just and proper.

Dated: August 3, 2026

**LAWYERS *for* JUSTICE, PC**

By: ______________________________

Mno M. Bogosyan
*Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203